UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LUIS A. HERNANDEZ,     :
     Plaintiff,  :
          :
v.           :
          :
W. OSWINSKI, C.O. FAIZON, and  :
K. LASIK,       :
     Defendants.  :
------------------------------------------------------------x

**OPINION AND ORDER**

18 CV 7365 (VB)

Briccetti, J.:

  Plaintiff Luis A. Hernandez, proceeding pro se and in forma pauperis, brings this action

under 42 U.S.C. § 1983, alleging defendants Correction Officer ("C.O.") Oswinski, C.O. Faizon,

and C.O. Lassic subjected him to verbal harassment and sexual abuse in violation of the Eighth

Amendment during his incarceration at Downstate Correctional Facility ("Downstate").[1]

  Now pending is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6).

(Doc #17).

  For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted

leave to file an amended complaint as to his Eighth Amendment sexual abuse claims in

accordance with the instructions summarized below.

  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

  For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's

favor.

  At all times relevant to the complaint, plaintiff was a convicted inmate at Downstate.

---

[1]  C.O. Lassic is incorrectly sued herein as "K. Lasik."

Plaintiff's complaint concerns three searches on July 31, 2018,[2] during which he alleges

defendants acted "unprofessional" and left him feeling "violated" and "humiliated." (Doc #2

("Compl.") at 3).[3]

In the first incident, plaintiff alleges C.O. Oswinski was standing "in front of [plaintiff's]

cell" while plaintiff urinated. (Compl. at 3). According to plaintiff, he said to Oswinski,

"Excuse me I'm using the urinal." (Id.). C.O. Oswinski allegedly replied, "Are you scare[d] of

me watching you take a piss[?]" (Id.).

In the second incident, plaintiff alleges C.O. Lassic searched plaintiff in the gym and then

"tap[ped]" plaintiff on his buttocks and said, "go ahead." (Compl. at 3).

In the third incident, plaintiff alleges C.O. Faizon searched plaintiff as he went to the

dining hall. (Compl. at 3). During the search, plaintiff alleges C.O. Faizon threw plaintiff

against the wall and began "touching" his "private parts." (Id.).

## DISCUSSION

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative

complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v.

Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements," are not entitled to

the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678;

Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded

---

[2]     Although plaintiff alleges the incidents occurred on July 31, 2020, the Court assumes
plaintiff meant July 31, 2018, considering the complaint was filed on August 13, 2018.

[3]     Citations to "Compl. at __" refer to page numbers assigned by the Court's Electronic Case
Filing system.

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation omitted) (collecting cases). Applying the pleading rules permissively is particularly important when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II.   Claim Against C.O. Oswinski

Even liberally construed, plaintiff's complaint fails to state a constitutional claim against C.O. Oswinski.

"Verbal harassment or profanity alone, unaccompanied by any injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of

any federally protected right and is therefore not actionable" under Section 1983. Myers v. City of New York, 2012 WL 3776707, at *9 (S.D.N.Y. Aug. 29, 2012) (alteration and internal quotation omitted); see also Cole v. Fischer, 379 F. App'x 40, 43 (2d Cir. 2010) (summary order).[4] Even if the verbal harassment is sexual in nature, a plaintiff must still allege physical contact or injury to state an Eighth Amendment claim. Jones v. Harris, 665 F. Supp. 2d 384, 396 (S.D.N.Y. 2009) (collecting cases). "This is true even though sexual harassment in any form, and no matter how minor the incident, is always despicable." Id.

Here, plaintiff does not claim C.O. Oswinski touched or injured him in any way during their alleged encounter while plaintiff used the urinal. Plaintiff's allegations are therefore insufficient to state a constitutional violation.

Accordingly, plaintiff's claim against Oswinski is dismissed.

III.  Claims Against C.O. Faizon and C.O. Lassic

Defendants argue plaintiff fails to state a claim for sexual abuse against C.O. Faizon and C.O. Lassic.

The Court agrees.

A convicted prisoner's claim for sexual abuse is analyzed under the Eighth Amendment. Boddie v. Schnieder, 105 F.3d 857, 859 (2d Cir. 1997). To state such a claim, a plaintiff's allegations must satisfy an objective prong and a mens rea prong. Crawford v. Cuomo, 796 F.3d 252, 256 (2d Cir. 2015). Thus, for an Eighth Amendment claim "to be actionable, the punishment must be 'objectively, sufficiently serious,' and the corrections officers must have a

---

[4]     Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

'sufficiently culpable state of mind.'" Delee v. Hannigan, 729 F. App'x 25, 29 (2d Cir. 2018) (summary order) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

In the context of sexual abuse allegations, "[a] corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." Crawford v. Cuomo, 796 F.3d at 257. To satisfy the mens rea prong, a plaintiff must plausibly allege the searches by C.O. Faizon and C.O. Lassic were "undertaken to arouse or gratify the officer or humiliate the inmate." Id. at 257–58; see also Perez v. Ponte, 236 F. Supp. 3d 590, 619 (E.D.N.Y. 2017). Even though officers may be required to perform "intensely personal" searches on inmates, "a search may not be undertaken maliciously or for the purposes of sexually abusing an inmate." Crawford v. Cuomo, 796 F.3d at 258.

Here, plaintiff has not alleged any facts to suggest that either C.O. Faizon or C.O. Lassic searched him with the intention of humiliating him, or for the officers' sexual gratification, or for any other malicious purpose. Absent facts concerning either officer's state of mind, plaintiff fails to state a claim.

Accordingly, plaintiff's Eighth Amendment claims against C.O. Faizon and C.O. Lassic are dismissed.

IV.    Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation omitted). District courts "should not dismiss [a pro se complaint]

without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

Here, because there is a possibility an amended complaint might succeed in stating a claim, and because plaintiff has not previously amended his complaint, the Court grants plaintiff leave to file an amended complaint and replead only his Eighth Amendment sexual abuse claims against C.O. Faizon and C.O. Lassic only, to the extent plaintiff can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

1.      describe all relevant events, stating the facts that support plaintiff's case, including what each individual defendant did or failed to do;

2.      describe the circumstances surrounding all relevant events, including when and where each search was conducted, and, if any other officers were present, describing their actions as well;

3.      include any and all comments made by all present officers before, during, and after each search; and

4.      describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered as a result of those acts or omissions.

The body of plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief.

Finally, the amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint all information necessary for his claims. However, plaintiff is directed to include in his amended complaint only those facts he believes plausibly support a violation of his constitutional rights.

## CONCLUSION

The motion to dismiss is GRANTED. However, plaintiff is granted leave to file an amended complaint as to his Eighth Amendment claim against C.O. Faizon and C.O. Lassic in accordance with the instructions above.

Plaintiff shall file his amended complaint by no later than November 8, 2019, and shall utilize the amended complaint form attached hereto. **If plaintiff fails to file an amended complaint or seek additional time to do so by November 8, 2019, the Court will direct the Clerk to enter judgment in defendants' favor and close the case.**

The Clerk is instructed to (i) terminate defendant W. Oswinski, and (ii) terminate the pending motion. (Doc. #17).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 448, 444–45 (1962).

Dated: September 9, 2019
     White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

No. _18 CV 7365 (VB)_____

(To be filled out by Clerk's Office)

### AMENDED
### COMPLAINT

(Prisoner)

**Do you want a jury trial?**
☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                        State                Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:
_____

First Name          Last Name          Shield #
_____

Current Job Title (or other identifying information)
_____

Current Work Address
_____

County, City          State          Zip Code

Defendant 2:
_____

First Name          Last Name          Shield #
_____

Current Job Title (or other identifying information)
_____

Current Work Address
_____

County, City          State          Zip Code

Defendant 3:
_____

First Name          Last Name          Shield #
_____

Current Job Title (or other identifying information)
_____

Current Work Address
_____

County, City          State          Zip Code

Defendant 4:
_____

First Name          Last Name          Shield #
_____

Current Job Title (or other identifying information)
_____

Current Work Address
_____

County, City          State          Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                         Plaintiff's Signature

_____
First Name                         Middle Initial          Last Name

_____
Prison Address

_____
County, City                                 State                  Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____